UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

NFN VALANCE,

    Plaintiff,

v.                          CAUSE NO.: 1:19-CV-284-HAB-SLC

RANDY COFFEY,

    Defendant.

## OPINION AND ORDER

NFN Valance, without a lawyer, filed this lawsuit and asks to proceed in forma pauperis. Valance is attempting to sue a Special Judge Magistrate Randy Coffey because he has ruled against him in a domestic relations case in State court. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss this case if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Here, Valance alleges Judge Coffey is biased and unethical. He alleges the judge has ordered him to pay money to his ex-wife and her attorney. He alleges the judge has attacked his character in open court, but prevented him from introducing evidence about his ex-wife's character. He alleges the judge has refused to grant his motions and has issued orders which interfere with his ability to see his children.

"A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). As a part of the domestic relations case, Judge Coffey had jurisdiction to order the payment of money, to make statements in open court, to rule on the admissibility of evidence, to rule on motions, and to issue orders regarding child custody and visitation. Here, Judge Coffey may have acted in error or maliciously or even in excess of his authority, but since he did not act in the absence of all jurisdiction, he has absolute judicial immunity.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because the defendant has absolute judicial immunity.

SO ORDERED on July 18, 2019.

                                                        s/ Holly A. Brady
                                                       JUDGE HOLLY A. BRADY
                                                       UNITED STATES DISTRICT COURT